# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
THOMAS RAY HOWELL,                    )
                                      )
                Plaintiff,            )
                                      )
        v.                            )       1:12CV1233
                                      )
PHYSICIANS AND STAFF,                 )
VAMC-SALISBURY AND                    )
VAMC-ASHEVILLE-NORTH CAROLINA,        )
                                      )
                Defendants.           )
```

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed with Plaintiff's pro se form Complaint (Docket Entry 2). The Court will deny without prejudice Plaintiff's request to proceed as a pauper with directions.

### LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as

ordinary litigants.  In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).  To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In assessing such matters, this Court may "apply common sense." Nasim, 64 F.3d at 954; see also Nagy, 376 F.3d at 256-57 ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(b)(ii), when the

2

complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.[1]

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies when doctrines established by the United States Constitution or at common law immunize governments and/or

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

government personnel from damages.  See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity).

DISCUSSION

As an initial matter, Plaintiff has not answered "Yes" or "No" to all of the subparts of Question 3 in his instant Application. (See Docket Entry 1 at 2.)  Nor has he included any monthly bills for food (or other necessities of life except rent and utilities) in response to Question 5 in said Application.  (See id. at 3.) The Court cannot adjudicate Plaintiff's request for pauper status without the foregoing information.

Further, Plaintiff's Complaint does not contain adequate content to permit the review required by Section 1915(e)(2).  The Complaint appears to assert a claim for "personal injury/ medical malpractice" against "physicians and staff [of the] VAMC Salisbury and Asheville, N.C."  (Docket Entry 2 at 1.)  Under the heading "STATEMENT OF CLAIM," the type-written instructions on the form Complaint direct as follows:  "State here as briefly as possible the FACTS of your case.  Do this by identifying the alleged legal wrong and by describing how each defendant . . . is personally responsible for depriving you of your rights.  Include relevant

4

times, dates, and places." (Id. at 2.) In the space beneath that admonition, the Complaint states only:

> I am requesting a [sic] extension of time to complete this action. I am waiting [sic] medical opinions from doctors who are reviewing my claim. I pray and hope for the courts [sic] understanding of my issues, as I was unable to obtain legal assistance for my claim.

(Id.) Finally, under the heading "RELIEF" and the instruction to "[s]tate briefly and exactly what relief you want from this court," the Complaint identifies the following: "Compassion for my injury which resulted in permenate [sic] disability including additional medical care as needed pain & suffering with consederation [sic] that my life as I knew it no longer exsist [sic]." (Id. at 4.)

The Complaint does not suffice for several reasons. First, consistent with the instructions on the complaint form Plaintiff utilized, a complaint must set forth factual allegations showing how each named defendant harmed the plaintiff. See Fed. R. Civ. P. 8(a)(2); see also Iqbal, 556 U.S. at 678. Moreover, in doing so, a complaint must identify the time and place of the events alleged. See Fed. R. Civ. P. 9(f); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) ("[I]n evaluating a complaint filed in forma pauperis pursuant to § 1915, a district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such defense."). The dates of relevant events have particular significance in this case because it appears any medical malpractice claim against employees

5

of a Veterans Administration Medical Center would lie, if at all, only under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671-2680, see, e.g., Smith v. United States, No. 1:10CV112, 2010 WL 780102, at *2-3 (M.D.N.C. Feb. 25, 2010) (unpublished),[2] and statutes of limitations applicable to the FTCA carry jurisdictional significance, see, e.g., Grumette v. United States, No. 1:11CV37, 2012 WL 3113143, at *2 (M.D.N.C. July 31, 2012) (unpublished); Smith v. United States, No. 1:10CV112, 2011 WL 4899933, at *15 (M.D.N.C. Oct. 14, 2011) (unpublished).

In addition, Plaintiff may not proceed with a medical malpractice claim under the FTCA for conduct occurring in North Carolina without an expert certification required by N.C. Gen. Stat. § 1A-1, Rule 9(j) or factual allegations establishing negligence under the doctrine of res ipsa loquitur. See, e.g.,

---

[2] "The Court further recognizes that actions under the [FTCA] lie against the United States, not its constituent agencies or individuals; however, because formal substitution of the United States for [an] individual defendant cannot occur prior to certification by the Attorney General that [the individual defendant] acted within the scope of [his or] her employment as to the matters at issue, 28 U.S.C. § 2679(d)(1), the Court will defer any action regarding the captioning of the case." Smith, 2010 WL 780102, at *3 n.3. Given this circumstance, Plaintiff should identify the individuals whom he contends engaged in medical malpractice (and should not just refer generically to "physicians and staff"). In addition, "[t]he only relief provided for in the [FTCA] is 'money damages.' To the extent that [Plaintiff] is seeking other relief, [this Court] lack[s] jurisdiction under the FTCA to accord it." Talbert v. United States, 932 F.2d 1064, 1065-66 (4th Cir. 1991) (internal citations omitted). Plaintiff thus must clarify what relief he seeks. If Plaintiff wants to proceed other than under the FTCA, he should make that clear as well.

Smith, 2011 WL 4899933, at *16-17.  Given the statement in the Complaint that Plaintiff is "waiting [for] medical opinions from doctors who are reviewing [his] claim" (Docket Entry 2 at 2) and the request therein for an "extension of time to complete this action" (id.), it appears Plaintiff may have some awareness of the requirements of Section 1A-1, Rule 9(j).  Plaintiff, however, may not appreciate all of the possible complications that arise as a result of the intersection of Section 1A-1, Rule 9(j) and the FTCA.

In this regard, the Court observes that, under Section 1A-1, Rule 9(j), if a prospective plaintiff so moves "prior to the expiration of the applicable statute of limitations," a North Carolina superior court judge "may allow a motion to extend the statute of limitations for a period not to exceed 120 days to file a complaint in a medical malpractice action in order to comply with this Rule, upon a determination that good cause exists for the granting of the motion and that the ends of justice would be served by an extension."  N.C. Gen. Stat. § 1A-1, Rule 9(j).  This Court, however, has not located any authority that would permit a federal court to extend a statute of limitations applicable to the FTCA. Further, given the above-noted fact that statutes of limitations under the FTCA carry jurisdictional significance, the Court has serious reservations about whether any such extension could occur. Additionally, Plaintiff did not file a motion for extension of the statute of limitations before he filed a complaint (as Section 1A-

7

1, Rule 9(j) apparently contemplates); instead, Plaintiff filed his instant Complaint and requested therein an "extension of time to complete this action" (Docket Entry 2 at 2), presumably for the purpose of securing a certification (required by Section 1A-1, Rule 9(j)) from the "doctors who are reviewing [his] claim" (id.).[3]

Another federal court in North Carolina recently confronted a situation in which a plaintiff filed a complaint and then "request[ed] an extension of time to comply [with Section 1A-1, Rule 9(j)], arguing that he need[ed] additional time to acquire a certified medical expert . . . ." Savage v. United States, No. 5:10CT3169FL, 2011 WL 3664798, at *2 (E.D.N.C. Aug. 18, 2011) (unpublished) (Flanagan, C.J.). Said court observed that "the North Carolina Supreme Court has held that a plaintiff may not be granted an extension of time to amend his initial complaint to include the necessary Rule 9(j) certification. Rather, 'failure to include the certification necessarily leads to dismissal.'" Id. (citing and quoting Thigpen v. Ngo, 355 N.C. 198, 204, 558 S.E.2d 162, 166 (2002)) (internal brackets and citation omitted). The Savage Court therefore denied the requested extension and "dismiss[ed] [the plaintiff's] medical malpractice claim without prejudice so that he may re-file the complaint with the requisite 9(j) certification." Id. at *3.

---

[3] Nor does the Complaint supply sufficient information for the Court to conclude that Plaintiff lodged that request within the applicable limitations period, as Section 1A-1, Rule 9(j) requires.

By contrast, in another case in that same district, a plaintiff filed a pro se complaint that the court concluded set forth a "federal civil rights claim" and a "general negligence claim" and then, after securing counsel, the plaintiff filed an amended complaint "set[ting] forth a claim for medical malpractice," along with an affidavit that satisfied Section 1A-1, Rule 9(j). Williams v. Haigwood, No. 5:08CT3138BO, 2012 WL 4483883, at *7 (E.D.N.C. Sept. 27, 2012) (unpublished) (Boyle, J.). In Williams:

> [The] plaintiff's medical malpractice claim set forth in his [a]mended [c]omplaint ar[ose] out of the conduct, transactions, and occurrences described in his original [c]omplaint. Both complaints state[d] [that a particular defendant] failed to properly treat [the] plaintiff's mental illness during his time at Bertie Correctional Institution. Both state that the emotional, psychological, and physical harm that resulted from this failure . . . were caused by [that defendant's] failure or negligence to provide proper medical care. The factual nexus between the two complaints is the same.

Id. at *6.

The Williams Court therefore denied a motion to dismiss the medical malpractice claim based on a statute of limitations defense on the ground that the medical malpractice claim in the amended complaint related back to the date of filing of the original complaint (which apparently fell within the limitations period). See id. Further, the Williams Court acknowledged that in Thigpen "the North Carolina Supreme Court held one cannot cure a Rule 9(j) deficiency in a medical malpractice complaint by filing an amended

9

complaint with expert certification that fails to allege that the review took place before the original complaint was filed," but deemed Thigpen "inapplicable," because, in the case before the Williams Court, the plaintiff's original complaint did not (in that court's view) assert a medical malpractice claim. Id. at *8.

The relevant circumstances of this case do not mirror exactly the procedural facts of either Savage or Williams and arguably may fall somewhere between the two. In any event, no controlling authority appears to have addressed the precise situation at hand. As a result, Plaintiff faces significant risks to the viability of his claim no matter how he proceeds. For example, if Plaintiff files an amended complaint in this case along with an affidavit that satisfies Section 1A-1, Rule 9(j), that filing may run afoul of Thigpen. Conversely, if the statutory limitations period passes between the time Plaintiff filed the instant Complaint and the time he files any new action that complies with Section 1A-1, Rule 9(j), his new filing may fail on limitations grounds (which limitations period the Court may lack the authority to alter).

Given the uncertainty of the pertinent legal terrain and the lack of information in Plaintiff's filings about the dates of underlying events, the Court cannot forecast a safe (or even best) course for Plaintiff. The Court thus will permit Plaintiff to amend his Complaint in this case and/or to file a new action (although he ultimately could not pursue both to fruition). The

10

Court will set an outer deadline for any such amendment (for case-management purposes), but will not set any deadline for Plaintiff to institute a new case. The Court's action (or inaction) in this regard, however, does not immunize Plaintiff from the consequences of delay. Whether he chooses to file an amended complaint in this case or to commence a new action (or both), Plaintiff should understand that <u>any</u> delay may doom his claim (assuming that a potentially viable claim exists at this moment).

## CONCLUSION

Neither the instant Application nor the related Complaint provide sufficient information to permit the required review. Moreover, Plaintiff's filing of the instant Complaint in a manner that fails to satisfy Section 1A-1, Rule 9(j) creates serious procedural issues that the Court cannot resolve at this point.

**IT IS THEREFORE ORDERED** that Plaintiff's instant Application for Leave to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (Docket Entry 1) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that, on or before March 15, 2013, Plaintiff shall file an amended complaint (bearing the case number for this case) that sets forth adequate factual allegations to permit the review required by Section 1915(e)(2) and that satisfies the substantive requirements of Section 1A-1, Rule 9(j), along with a properly-completed, amended pauper application (or the requisite filing fee). By permitting such action, the Court expresses no

11

opinion on whether any such amended complaint would survive a challenge predicated on the timing requirements associated with Section 1A-1, Rule 9(j). Failure by Plaintiff to file an amended complaint, along with a properly-completed, amended pauper application (or the requisite filing fee) by March 15, 2013, may result in dismissal of this action without further notice.

**IT IS FURTHER ORDERED** that, in lieu of or in addition to filing any amended complaint in this case, Plaintiff may commence a new action by filing a complaint (without the case number for this case) that sets forth adequate factual allegations to permit the review required by Section 1915(e)(2) and that satisfies the substantive requirements of Section 1A-1, Rule 9(j), along with a properly-completed pauper application (or the requisite filing fee). By permitting such action, the Court expresses no opinion on whether any such new action would fail on statute of limitations grounds.

                                    /s/ L. Patrick Auld
                                 **L. Patrick Auld**
                           **United States Magistrate Judge**
November 21, 2012

12

Case 1:12-cv-01233-UA-LPA   Document 4   Filed 11/21/12   Page 12 of 12